# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LATEEF FISHER**

    Petitioner,

v.                                          **CRIMINAL ACTION NO.: 3:15-CR-18-1**
                                             **CIVIL ACTION NO.: 3:18-CV-47**
                                             **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on February 26, 2021. ECF No. 216.[1] In the R&R, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 193] be denied and dismissed with prejudice. The Petitioner filed objections to the R&R on March 15, 2021. ECF No. 218. Accordingly, the matter is ripe for adjudication. For the following reasons, the Court **OVERRULES** the objections and **ADOPTS** the R&R in full.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions

---

[1] All CM/ECF references are to the Criminal No. 3:15-CR-18-1, unless otherwise noted.

of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of the R&R on March 4, 2021. ECF No. 217. The Petitioner filed his objections on March 15, 2021. ECF No. 218. Accordingly, this Court will review the portions of the R&R to which the Petitioner specifically objects de novo. The Court will review the remainder of the R&R for clear error.

## II. DISCUSSION

Magistrate Judge Trumble recommends that this action be dismissed with prejudice because the Petitioner cannot show that: (1) his conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack. ECF No. 216 at 7.

In his objections, the Petitioner only challenges the fourth finding. See ECF No. 218. Specifically, the Petitioner argues that his sentence is otherwise subject to collateral attack because his counsel at trial and on appeal were constitutionally ineffective under the Supreme Court's test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Id.

Upon review of all the filings in this matter, the Court finds that the Petitioner has not presented any new material facts or arguments in his objections. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Specifically, these arguments can be found in the Petitioner's motion to vacate under 28 U.S.C. § 2255 [ECF No. 193] and the Petitioner's reply to the Government's response to the petition [ECF

No. 215]. Therefore, the Court finds that de novo review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge. Nevertheless, the Court will review the Petitioner's argument that his counsel was constitutionally ineffective below.

**A. Applicable Law**

In Strickland, the Supreme Court established a two-factor test to determine whether counsel was constitutionally ineffective. 466 U.S. 668 (1984). First, the Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and the reviewing court must recognize that "counsel is strongly presumed to have rendered adequate assistance." Id. at 689-90.

Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Thus, even if the court determines that counsel acted unreasonably, the judgment of the criminal proceeding will not be set aside unless counsel's performance was "prejudicial to the defense." Id. at 692. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.

**B. Analysis**

The Petitioner argues that he received constitutionally ineffective counsel at trial and on appeal because: (1) his trial counsel failed to obtain discovery from the Maryland investigation in order to adequately cross-examine a government witness; (2) his trial

counsel failed to advise the jury about the testimony of a witness regarding coded language about buying drugs; (3) his trial counsel failed to object to jury instructions; (4) his appellate counsel failed to argue there was insufficient evidence to support a conviction; (5) his appellate counsel failed to make arguments that the Petitioner favored; and (6) his appellate counsel failed to present relevant arguments to the Fourth Circuit sitting *en banc*. These issues will be addressed in turn.

### 1. Failure to Obtain Discovery from Maryland Investigation

First, the Petitioner argues that his trial counsel was ineffective under Strickland because his counsel only received wire-tap evidence from the Maryland investigation and did not obtain other discovery, such as "extensive notes, usual surveillance, [and] discovery of the search and seizure of the residence." ECF No. 218 at 1. However, as addressed in the R&R, his counsel was provided discovery and extensively cross-examined the Government's witness, Officer Terry Hose. ECF No. 216 at 11. Furthermore, the record shows that his counsel obtained multiple concessions during Officer Hose's cross-examination. Accordingly, his counsel's performance regarding cross-examination of Officer Hose did not fall below an objective standard of reasonableness, and the Petitioner cannot show that there is a "reasonable probability" that the outcome would have been different had counsel obtained other forms of discovery. See United States v. Robson, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to evaluate the petitioner's ineffective assistance of counsel claim where the record contained no indication of what other information could have been discovered or how it might have altered the outcome of the case). Thus, his ineffective assistance of counsel claim fails to satisfy either Strickland prong.

5

## 2. Failure to Advise Jury Regarding "Coded Language" Testimony

Second, the Petitioner argues that his counsel failed to advise the jury about the testimony of a witness regarding coded language about drugs. ECF No. 198 at 6. As discussed more fully in the R&R, the Petitioner fails to show that his counsel's performance regarding the "coded language" testimony was unreasonable. ECF No. 216 at 12–13. Counsel succeeded in eliciting testimony from that witness that directly addressed the claims the Petitioner contends that his counsel neglected to address. Additionally, the Petitioner cannot show that there is a reasonable probability that, but for his counsel's alleged error, the result of the proceeding would have been different.

## 3. Failure to Object to Jury Instructions

Third, the Petitioner argues that his trial counsel failed to object to the jury instructions, resulting in jury instructions that "had nothing to do with the elements that needed to be prov[en] to convict Petitioner of aiding and abetting." ECF No. 218 at 2. Specifically, the Petitioner avers that the jury instructions failed to "require proof that [he] knew in advance that his alleged accomplice intended to distribute the controlled substance to another individual." ECF No. 215 at 3.

The Court has closely reviewed the transcript of the jury instructions and finds that the Petitioner has failed to satisfy the two Strickland prongs to show he received constitutionally ineffective assistance of counsel. First, counsel made at least two objections to the jury instructions, which shows that counsel's performance in this regard did not fall below an objective standard of reasonableness. Second, the Petitioner cannot show that counsel's failure to make a specific objection was so prejudicial that it "essentially defaults the case to the state." Lundgren v. Mitchell, 440 F.3d 754, 774 (6th

6

Cir. 2006). Accordingly, the Court finds that the Petitioner's third claim fails to meet the two-prong Strickland test.

### 4. Failure to Argue Insufficient Evidence for Conviction on Appeal

Fourth, the Petitioner argues that his appellate counsel failed to "argue the proper elements that needed to be proven to convict [the Petitioner] of aiding and abetting," specifically, the allegedly erroneous jury instructions. ECF No. 218 at 2–3. However, decisions about which issues to raise on appeal rest with counsel, who is better suited to estimate the probability of success on any given argument. Jones v. Barnes, 463 U.S. 745 (1983); see Coleman v. Mitchell, 268 F.3d 417, 430–31 (6th Cir. 2001) (holding that counsel is not ineffective for refusing to litigate every conceivable issue). Where a petitioner's ineffective-counsel claim rests on counsel's failure to raise a particular issue, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." Carver v. Straub, 349 F.3d 340, 348 (6th Cir. 2003). Here, the Petitioner has failed to show that arguing that the district court failed to prove the proper elements to convict him of aiding and abetting was stronger than the arguments appellate counsel made, as discussed above.

### 5. Failure to Make Arguments Favored by Petitioner

Fifth, the Petitioner argues that his appellate counsel failed to use "case law[]" and instead "just made bare-bone argument[s]." ECF No. 218 at 3. He alleges that his counsel should have made stronger arguments on appeal. Id. However, the arguments the Petitioner alleges that his appellate counsel failed to make were explicitly considered and rejected by the Fourth Circuit, which affirmed the judgment in the district court. ECF No. 181. Moreover, as the R&R states, failure to raise a particular argument does not

7

inherently constitute ineffective counsel: "The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986). Here, the Petitioner has failed to show that there was a reasonable probability that but for appellate counsel's alleged error in choosing which arguments to make on appeal, the result of the proceeding would have been different.

### 6. Failure to Present Relevant Arguments

Finally, the Petitioner argues that his appellate counsel failed to address that the Fourth Circuit's decision "conflicts with a decision of the United States Courts of Appeals" and that "a material factual or legal matter was overlooked and the case involved more questions of exceptional importance." ECF No. 218 at 3. This objection merely restates the Petitioner's argument in his reply to the Government's opposition, which the magistrate judge considered. See ECF Nos. 215 & 216. As discussed more fully in the R&R, the Petitioner does not show how his counsel's performance in this regard was unreasonable. Furthermore, even if the Petitioner could show that counsel should have objected, the Petitioner does not show that the outcome would have been different.

### III. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 216 in 3:15-CR-18-1; ECF No. 5 in 3:18-CV-47] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's Motion to Vacate [ECF No. 193 in 3:15-CR-18-1; ECF No. 1 in 3:18-CV-47] is **DENIED** and

**DISMISSED WITH PREJUDICE**. The Petitioner's Motion to Bar Government's Response [ECF No. 212 in 3:15-CR-18-1] is **TERMINATED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: June 30, 2021

*[signature]*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE